UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KALIKA MOQUIN, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>CLARK COUNTY SCHOOL DISTRICT,<br><br>　　　　　　　　　Defendant. | Case No. 2:24-cv-00915-ART-NJK<br><br>ORDER |

  Plaintiffs sued Defendant in the Eighth Judicial District Court for Clark County, Nevada, alleging that Plaintiff KH was physically abused in his special education class. (ECF No. 1-1.) Plaintiffs alleged negligence, negligence *per se*, and negligent hiring under Nevada state law and included no federal causes of action, citations to federal cases, or other mention of federal law. (*See id.*) Plaintiffs seek money damages and "such other relief as this Court deems just and proper." (*Id.*) Defendant removed the case based on federal question jurisdiction. The Court ordered the parties to show cause regarding federal subject-matter jurisdiction. (ECF No. 17.) Defendants argue that "the true gravamen of the Plaintiff's claim" sounds in federal law and that Defendants expect to present a defense based in federal law. (ECF No. 18.) Because these allegations do not suffice for the Court to exercise subject-matter jurisdiction, the Court must remand the case.

**I. FACTUAL & PROCEDURAL BACKGROUND**

  Plaintiffs brought a suit in state court alleging only state law claims and retrospective monetary relief based on Plaintiff KH's physical abuse suffered at school. (ECF No. 1-1.) Plaintiffs' requests for production in discovery asked for information regarding the victim's Individualized Education Plan (IEP), the school's policies and procedures regarding care for children with severe

1

disabilities, and training provided to staff who worked with children with disabilities. (*See* ECF Nos. 18-1, 18-3, 18-4.)

## II.   STANDARD OF REVIEW

Subject-matter jurisdiction may not be waived by the parties or forfeited. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035–36 (9th Cir. 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). Federal courts must consider *sua sponte* issues that concern subject-matter jurisdiction. *Id.*

A defendant may only remove a case brought in state court if the federal district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts exercise a "strong presumption against removal jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The defendant always has the burden of establishing that removal is proper," and "the court resolves all ambiguity in favor of remand to state court." *Id.*

## III. ANALYSIS

This case must be remanded because an anticipated federal defense does not provide this Court with subject-matter jurisdiction. Defendant argues that Plaintiffs' discovery requests regarding KH's IEP and the school's special education staff reveals that Plaintiff's negligence claim is truly an IDEA claim and that Defendant anticipates making a defense based on federal law. Both arguments fail because a plaintiff may choose to allege non-federal causes of action even when federal claims are available, and an affirmative defense under the IDEA against a non-IDEA claim does not provide this Court with federal-question jurisdiction.

Plaintiffs have pled only state law causes of action. This is a permissible strategy to avoid federal jurisdiction, even when a federal claim exists. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371–72 (9th Cir. 1987) (Plaintiff may "ignore the federal question and assert only a state law claim and defeat removal"). Plaintiffs' requests for KH's IEP and information about the school's

special education staff do not transform their negligence claims into IDEA claims, and the IDEA does not "preempt all cases involving the mistreatment of disabled students by a school." *Payne v. Peninsula Sch. Dist.,* 653 F.3d 863, 881 (9th Cir. 2011), *overruled on other grounds Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014). *Payne* held that "[n]on–IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement, even if they allege injuries that could conceivably have been redressed by the IDEA" and clarifies when non-IDEA claims trigger the exhaustion requirement. *Id.* at 871. *Albino* later held that the IDEA's administrative exhaustion defense is an affirmative defense that must be pled, and the earliest point at which the court may adjudicate it is following a motion for summary judgment. 747 F.3d at 1171. In other words, *Payne* and *Albino* show that a defendant may plead a defense based on the IDEA against non-IDEA claims, but a defendant may not re-write a plaintiff's complaint before pleading that defense.

An anticipated federal defense does not provide a federal district court subject-matter jurisdiction. A party may not remove a case because they anticipate asserting a defense based on federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987) ("a case may not be removed to federal court on the basis of a federal defense"). Defendant argues that they should have the chance to argue an IDEA defense against Plaintiff's negligence claim. (*See* ECF No. 18 at 4, 5.) Perhaps so, but Defendant is not entitled to a federal forum for that defense without an independent ground for federal subject-matter jurisdiction. *See Caterpillar,* 482 U.S. at 398–99. Without subject-matter jurisdiction, this Court lacks jurisdiction to adjudicate Defendant's federal defense.

In sum, Plaintiff has not alleged any federal claims, and Defendant's planned affirmative defense does not provide this Court with subject-matter jurisdiction.

//

1   The Court, accordingly, remands the case to the Eighth Judicial District
2   Court for Clark County, Nevada. The Court also instructs the Clerk to close the
3   case.

5   DATED THIS 4th day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE